# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2773

_____

United States of America,      *
     *
     Plaintiff - Appellee,      *
     *   Appeal from the United States
     v.      *   District Court for the
     *   Western District of Missouri.
Julio David Marinez-Reyes, also      *
known as Julio David Marinez,      *     **[UNPUBLISHED]**
     *
     Defendant - Appellant.      *

_____

Submitted: January 15, 2002

Filed: March 7, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Julio David Marinez-Reyes appeals his conviction for conspiracy to possess and possession with intent to distribute cocaine, arguing the trial evidence was insufficient to convict. We affirm.

Marinez-Reyes was the passenger in an automobile stopped on eastbound I-70 for erratic driving. Missouri Highway Patrol Officer Rex Scism gave the driver a citation for driving without a license and Marinez-Reyes a citation for allowing the driver to operate Marinez-Reyes's vehicle without a license. Marinez-Reyes then

consented to a search of the vehicle. When Officer Scism shook the rear passenger door, he could feel and hear something inside. Suspecting contraband, he began to remove the door panel. Marinez-Reyes and the driver then ran "at a dead sprint" into a nearby wooded area. Scism called for back-up, then returned to the car and removed the door panel. Two duct-tape-wrapped bundles fell to the highway. Scism later found two similarly-wrapped bundles inside the driver's side rear door. The four bundles contained nearly two kilograms of cocaine. Meanwhile, a patrolling aircraft flushed Marinez-Reyes from the woods, and he was arrested. When asked by Officer Scism why he was transporting drugs, Marinez-Reyes answered that he was desperate for money and the driver was paying him $3,000. A store receipt for duct tape was found in Marinez-Reyes's wallet. In addition, an internet map with directions from a street address in Reading, Pennsylvania, to a street address in Puente, California, was found in the back seat of the car; the driver and Marinez-Reyes told Officer Scism they had been visiting friends or skiing in Colorado.

This evidence was sufficient to convict Marinez-Reyes of possession with intent to distribute the four bundles of cocaine found in his rented car, and of the conspiracy charge. Marinez-Reyes relies on our decision in United States v. Pace, 922 F.2d 451 (8th Cir. 1990), but there was far more evidence of knowing constructive possession in this case -- the car was rented by Marinez-Reyes; a receipt for duct tape was found in his wallet; he fled just before Officer Scism found two bundles of cocaine; and he made incriminating post-arrest admissions.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.